UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRIAN J. WHITE,

    Petitioner,

    v.                          CAUSE NO. 3:20-CV-732-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Brian J. White, a prisoner proceeding without a lawyer, filed a habeas corpus petition challenging a disciplinary proceeding at Westville Correctional Facility (WCC 20-05-0024) in which he was found guilty of being under the influence of intoxicants. For the reasons stated below, the petition is denied.

The charge was initiated on Mary 3, 2020, when Sergeant Christopher Saulnier wrote a conduct report stating as follows:

> On May 3, 2020, at approximately 12:42 A.M., I, Sergeant Saulnier, observed Offender White under the influence of intoxicants. Offender White had red eyes and slurred speech, consistent with that of one under the influence of intoxicants. While being escorted to Post 2 Holding Area, Offender White stated, "I only smoked a little bit of tune."[1]

(ECF 14-1.) On May 7, 2020, Mr. White was formally notified of the charge. He pled not guilty and declined the assistance of a lay advocate. He requested a witness statement from someone he identified as "Officer Cardo (day shift)" to answer the question, "Did

---

[1] "Tune" is a slang term for synthetic marijuana. *See Jeffries v. Neal*, 737 F. App'x 791, 792 (7th Cir. 2018).

he say that he was smoking tune?" He also requested "medical records proving/testing him for intoxicants." (ECF 14-3.) The screening officer subsequently responded that there was no employee named "Officer Cardo" on staff at the facility, and that no formal drug tests had been administered. (*Id.*)

A hearing was held on May 29, 2020. Mr. White pled not guilty but did not make any additional statement in his defense. Based on the conduct report, the hearing officer found him guilty. As a result, he lost 30 days of earned-time credits. (ECF 14-5.) His administrative appeals were denied. (ECF 14-6; ECF 14-7.) Thereafter, he filed this petition.

When prisoners lose earned-time credits in a disciplinary proceeding, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) at least 24 hours advance written notice of the charge; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-64 (1974). Due process also requires that there be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Mr. White raises three claims in his petition.[2] He first claims that he "was not intoxicated/lack of evidence." To satisfy due process, there only needs to be "some evidence" to support the hearing officer's decision. *Hill*, 472 U.S. at 455. As the Seventh Circuit has explained:

> This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report alone can provide sufficient evidence to support a finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Likewise, circumstantial evidence can be sufficient to satisfy the "some evidence" test. *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). Determining whether the test is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Hill*, 472 U.S. at 455. "Instead, the relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56.

Mr. White was found guilty of violating disciplinary offense B-231, which prohibits, among other things, "being under the influence of any intoxicating substance[.]" (ECF 14-8 at 2.) The conduct report authored by Sergeant Saulnier described Mr. White as having red eyes and slurred speech, which reasonably suggested to the sergeant that Mr. White was under the influence of some type of

---

[2] Mr. White was afforded until July 28, 2021, to file a traverse in support of his petition. None was filed by that deadline. Out of an abundance of caution, the court on its own motion extended the deadline to September 17, 2021. That deadline has passed and no traverse has been filed.

intoxicating substance. According to the sergeant, Mr. White also admitted to him that he had smoked "a little bit of tune," apparently in an effort to minimize his conduct. The sergeant's account provided sufficient evidence that Mr. White was guilty of violating disciplinary rule B-231.

Mr. White asserts in his petition that he may have appeared intoxicated because "it was late, I was tired & looked a certain way." Being tired would not explain his slurred speech, but in any event, he is essentially asking the court to reweigh the evidence to make its own determination of guilt or innocence. That is not the court's role on federal habeas review. *Webb*, 224 F.3d at 652; *McPherson*, 188 F.3d at 786. The only question is whether there is sufficient evidence to support the hearing officer's decision, and this standard is satisfied.

In his second claim, he asserts that he "wasn't seen by medical staff or given a drug screen." He appears to fault Sergeants Saulnier for not sending him to the medical unit for a formal blood test. Unlike in a criminal case, guilt need not be proven beyond a reasonable doubt in a prison disciplinary proceeding. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). Although prisoners have a right to request and present relevant exculpatory evidence, they do not have the right to the creation of evidence that does not already exist. *See Wolff*, 418 U.S. at 556; *see also Manley v. Butts*, 699 F. App'x 574, 576 (7th Cir. 2017) (inmate was "not entitled to demand laboratory testing" in prison disciplinary case). The conduct report documenting Sergeant Saulnier's account provided sufficient evidence that Mr. White was under the influence of intoxicants. *McPherson*, 188 F.3d at 786.

Finally, he claims that there were "no witnesses" to corroborate Sergeant Saulnier's account that he admitted smoking "tune."[3] However, the Due Process Clause did not require the prison to provide corroboration of Sergeant Saulnier's account. *See McPherson*, 188 F.3d at 786. The hearing officer was entitled to credit Sergeant Saulnier's account over Mr. White's denials. *Johnson v. Finnan*, 467 F.3d 693, 695 (7th Cir. 2006).

For these reasons, the petition (ECF 1) is DENIED. The clerk is DIRECTED to enter judgment in this case.

SO ORDERED on October 6, 2021

                                              s/ Michael G. Gotsch, Sr.
                                              Michael G. Gotsch, Sr.
                                              United States Magistrate Judge

---

[3] Notably, Mr. White does not expressly disavow telling Sergeant Saulnier that he smoked "tune." His argument is that no one besides Sergeant Saulnier heard him make this statement.

5